UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Laurestine Hatchett,                                    Case No. 17-45163-MBM
                                                        Chapter 7
                    Debtor.                             Hon. Marci B. McIvor
_____/

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT

### Jurisdiction

1.      This case was commenced by the filing of an Involuntary Petition for

Relief against the Debtor on April 6, 2017. An Order for relief was entered on June

10, 2017. Homer W. McClarty was appointed the Chapter 7 Trustee of the

Debtor's bankruptcy estate following an election by the creditors.

2.      The Trustee files this motion under Bankruptcy Rules 9014 and 9019.

3.      This is a core proceeding over which this Court has jurisdiction. *See*

28 U.S.C. §§ 157(b)(2)(A) and 1334.

### Background

4.      On September 22, 2017, the Trustee filed an adversary proceeding

against Ayanna Hatchett and Franklin Hatchett in their individual capacities and in

their capacities as co-conservators of their mother Laurestine Hatchett, the debtor

for whom Homer W. McClarty is acting as Chapter 7 Trustee. *See McClarty v.*

*Ayanna Hatchett, et al.*, Adv. Proc. No. 17-04669 (Bankr. E.D. Mich.).

5.      Adversary Proceeding No. 17-04669 alleges (i) a violation of fiduciary duties by Ayanna Hatchett and Franklin Hatchett for turning over certain proceeds from a sale of a Florida condominium partly owned by Laurestine Hatchett to their father Elbert Hatchett and (ii) a fraudulent transfer to Ayanna Hatchett by Laurestine Hatchett of her alleged one-half interest in 5459 Bristol Parke, Clarkston, MI ("Bristol Parke Property"). Regarding the first alleged cause, Franklin Hatchett received Laurestine Hatchett's share of the condominium proceeds as her conservator and turned them over to Elbert Hatchett who was her guardian. Elbert Hatchet is alleged to have further transferred the majority portion of the proceeds to the IRS for payment of his and his firm's taxes.

6.      On October 6, 2017, the Trustee filed a second adversary proceeding against Elbert Hatchett and the Internal Revenue Service. *See McClarty v. Elbert Hatchett, et al.*, Adv. Proc. No. 17-04700 (Bankr. E.D. Mich.).

7.      Adversary Proceeding No. 17-04700 alleges, among other things, fraudulent transfer and other state law claims against the IRS for the majority portion of Laurestine Hatchett's share of the Florida condominium proceeds that the IRS received from Elbert Hatchett, who in turn received the proceeds from Franklin Hatchett acting as Laurestine Hatchett's co-conservator. The IRS filed a motion to dismiss the adversary case on the basis of sovereign immunity. The Bankruptcy Court denied the motion, and the IRS sought leave to appeal, which

was granted. The parties briefed the issues on appeal and are awaiting instructions from the District Court on oral argument or a decision on appeal.

8.      On August 10, 2018, the Trustee filed a motion with the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"), seeking to approve a settlement he reached with Ayanna Hatchett and Franklin Hatchett (the "Proposed Bankruptcy Settlement"). Pursuant to the Proposed Bankruptcy Settlement, the Trustee was to receive $275,000 from Ayanna Hatchett and Franklin Hatchett in exchange for dismissing Adversary Proceeding No. 17-04669, with prejudice.

9.      After learning of the Proposed Bankruptcy Settlement, the United States filed a response to state its position that it had a superior tax lien interest on the Bristol Parke Property and that the Proposed Bankruptcy Settlement should be subject to the United States' superior tax lien interest.

10.      On October 10, 2018, the United States filed a suit in the U.S. District Court for the Eastern District of Michigan (the "District Court") against Ayanna Hatchett, Elbert Hatchett, and the Trustee. The complaint alleges that Elbert Hatchett diverted a referral fee in the amount of $1,322,543 (the "Referral Fee") paid out of a personal injury case in 2009 that should have been paid to him or his wholly owned law firm but was paid to his daughter Ayanna Hatchett and that was subject to federal tax liens against Elbert Hatchett. The complaint further alleges

that federal tax liens encumbered the Bristol Parke Property because it was purchased by Ayanna Hatchett with a portion of the Referral Fee encumbered by the federal tax liens. The lawsuit seeks to recover the value of the Bristol Parke Property, an accounting of the remaining Referral Fee, and to hold Ayanna Hatchett personally liable for the remaining Referral Fee spent by her. The United States named the Trustee in the District Court case because the Trustee claimed an interest in the Bristol Parke Property through his adversary proceeding against Ayanna Hatchett. The Proposed Bankruptcy Settlement was placed on hold pending resolution of the District Court case.

11.     The Bristol Parke Property was recently sold and the net proceeds of $483,273.98, after sale costs, commissions, and property taxes, are currently on deposit with the District Court's registry (the "Deposited Proceeds").

12.     On June 27, 2019, the parties attended a Settlement Conference held in connection with the District Court case. During that conference, the parties narrowed the issues significantly and agreed to continue to work toward a settlement. Settlement negotiations advanced, and the parties ultimately entered into a Settlement Agreement, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit A.

13.     Under the Settlement Agreement, the bankruptcy estate will receive

$175,000 of the Deposited Proceeds to resolve the estate's claims against Ayanna

Hatchett, Franklin Hatchett, and the IRS.

## Basis for Relief Requested

14.     Fed. R. Bankr. P. 9019 provides "[o]n motion by the trustee and after

notice and a hearing the court may approve a compromise or settlement."

15.     The Trustee has examined the factors that many bankruptcy courts

consider in determining whether a settlement is in the best interest of the estate and

its creditors, including: (i) the probability of success in the litigation; (ii) the

difficulties, if any, to be encountered in the matter of collection; (iii) the

complexity of the litigation involved, and the expense, inconvenience, and delay

necessarily attending it; and (iv) the paramount interest of the creditors and the

preferred deference to their reasonable views in the premises. *Drexel v. Loomis*, 35

F.2d 800, 806 (8th Cir., 1929); *see also e.g., Christo v. Padgett*, 223 F.3d 1324,

1335 (11th Cir. 2000), *cert. denied*, 531 U.S. 1191, 149 L.Ed.2d 106, 121 S.Ct.

1190 (2001); *Arden v. Motel Partners (In re Arden)*, 176 F.3d 1226, 1228 (9th Cir.

1999).

16.     **Probability of Success in the litigation**. The Hatchetts deny all of the

allegations and legal grounds asserted by the Trustee against them. While the

Trustee feels the claims are valid, the claims for breach of fiduciary duty have been

dismissed by the Bankruptcy Court due to its interpretation of the "probate exception" to federal jurisdiction, and the Court has further expressed that any breach of fiduciary duty claims might not inure to the benefit of the Debtor's creditors. At a minimum, this will require the Trustee to pursue these claims in another court, less familiar to the Trustee. There are numerous factors that could affect the possibility of success, and the Hatchetts have made it abundantly clear that they intended to defend the claims through to conclusion. The Trustee also feels confident in his claims in the adversary against the IRS, but the case is in its early stages and will remain on hold until the District Court issues its decision on the appeal. There are cases going both ways on the issue of sovereign immunity, and even if the Trustee prevails on appeal, the case will start back at the beginning where discovery will have to take place to fully develop the issues for trial.

17. **Difficulties in collection**. The Trustee has not undertaken any significant investigation of the collectability of the Hatchett defendants, except to know that much of the monies transferred under the Defendants' conservatorship are no longer available. The only valuable asset of which the Trustee is aware consists of the Deposited Proceeds from the sale of the Bristol Parke Property, which the IRS claims is subject to tax liens. The Trustee believes that if a significant judgment were obtained against the Hatchett defendants, it would be

difficult to collect. The question of collectability is more serious given the IRS's allegations against Ayanna Hatchett in the District Court action.

19. **Complexity of litigation**. The adversaries involve complex issues, including the sovereign immunity defense raised by the IRS, the IRS's asserted claims in the Deposited Proceeds, and the probate estate exception. The adversary proceedings were filed in 2017, and as mentioned previously, the adversary case against the IRS is in its very early stages, with no indication of when the District Court will rule on the appeal. With respect to the breach of fiduciary duty claims, the Trustee will be required to file a new complaint, in the probate court, presumably with an entirely new schedule and delay, in addition to litigating the remaining claims before the Bankruptcy Court. The costs of these proceedings have been substantial and, given the various courts involved, will grow exponentially absent a settlement.

18. **Paramount interest of Creditors**. Based on all of the issues stated above, the Trustee does not believe that a greater result can be attained for creditors from further litigation.

## Request for Relief

The Trustee respectfully requests that this Court grant this motion, approve the Settlement Agreement, and grant such further relief as this Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Special Counsel for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: August 12, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Laurestine Hatchett,                                   Case No. 17-45163-MBM
                                                       Chapter 7
              Debtor.                                  Hon. Marci B. McIvor
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT

This matter is before the Court on the Trustee's Motion for Order Approving

Settlement Agreement. Notice of the motion was served on creditors and interested

parties, and no objections were timely filed.

IT IS ORDERED that the Settlement Agreement attached to the Trustee's

Motion as Exhibit A is approved. The failure specifically to include any particular

provisions of the Settlement Agreement in this order does not impair the

effectiveness of such provisions, it being the intent of this Court to incorporate and

approve the Settlement Agreement in its entirety.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Laurestine Hatchett, ss # xxx-xx-4408          Case No. 17-45163-MBM
5459 Bristol Parke                             Chapter 7
Clarkston, MI 48348                            Hon. Marci B. McIvor
                        Debtor.
_____/

## 21 DAY NOTICE OF MOTION FOR ORDER
## APPROVING SETTLEMENT AGREEMENT

On September 22, 2017, the Trustee filed an adversary proceeding against Ayanna
Hatchett and Franklin Hatchett in their individual capacities and in their capacities
as co-conservators of their mother Laurestine Hatchett, the debtor for whom
Homer W. McClarty is acting as Chapter 7 Trustee. *See McClarty v. Ayanna
Hatchett, et al.*, Adv. Proc. No. 17-04669 (Bankr. E.D. Mich.). Adversary
Proceeding No. 17-04669 alleges (i) a violation of fiduciary duties by Ayanna
Hatchett and Franklin Hatchett for turning over certain proceeds from a sale of a
Florida condominium partly owned by Laurestine Hatchett to their father Elbert
Hatchett and (ii) a fraudulent transfer to Ayanna Hatchett by Laurestine Hatchett of
her alleged one-half interest in 5459 Bristol Parke, Clarkston, MI ("Bristol Parke
Property"). Regarding the first alleged cause, Franklin Hatchett received
Laurestine Hatchett's share of the condominium proceeds as her conservator and
turned them over to Elbert Hatchett who was her guardian. Elbert Hatchet is
alleged to have further transferred the majority portion of the proceeds to the IRS
for payment of his and his firm's taxes. On October 6, 2017, the Trustee filed a
second adversary proceeding against Elbert Hatchett and the Internal Revenue
Service. *See McClarty v. Elbert Hatchett, et al.*, Adv. Proc. No. 17-04700 (Bankr.
E.D. Mich.) Adversary Proceeding No. 17-04700 alleges, among other things,
fraudulent transfer and other state law claims against the IRS for the majority
portion of Laurestine Hatchett's share of the Florida condominium proceeds that
the IRS received from Elbert Hatchett, who in turn received the proceeds from
Franklin Hatchett acting as Laurestine Hatchett's co-conservator. The IRS filed a
motion to dismiss the adversary case on the basis of sovereign immunity. The
Bankruptcy Court denied the motion, and the IRS sought leave to appeal, which
was granted. The parties briefed the issues on appeal and are awaiting instructions

from the District Court on oral argument or a decision on appeal. On August 10, 2018, the Trustee filed a motion with the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"), seeking to approve a settlement he reached with Ayanna Hatchett and Franklin Hatchett (the "Proposed Bankruptcy Settlement"). Pursuant to the Proposed Bankruptcy Settlement, the Trustee was to receive $275,000 from Ayanna Hatchett and Franklin Hatchett in exchange for dismissing Adversary Proceeding No. 17-04669, with prejudice. After learning of the Proposed Bankruptcy Settlement, the United States filed a response to state its position that it had a superior tax lien interest on the Bristol Parke Property and that the Proposed Bankruptcy Settlement should be subject to the United States' superior tax lien interest. On October 10, 2018, the United States filed a suit in the U.S. District Court for the Eastern District of Michigan (the "District Court") against Ayanna Hatchett, Elbert Hatchett, and the Trustee. The complaint alleges that Elbert Hatchett diverted a referral fee in the amount of $1,322,543 (the "Referral Fee") paid out of a personal injury case in 2009 that should have been paid to him or his wholly owned law firm but was paid to his daughter Ayanna Hatchett and that was subject to federal tax liens against Elbert Hatchett. The complaint further alleges that federal tax liens encumbered the Bristol Parke Property because it was purchased by Ayanna Hatchett with a portion of the Referral Fee encumbered by the federal tax liens. The lawsuit seeks to recover the value of the Bristol Parke Property, an accounting of the remaining Referral Fee, and to hold Ayanna Hatchett personally liable for the remaining Referral Fee spent by her. The United States named the Trustee in the District Court case because the Trustee claimed an interest in the Bristol Parke Property through his adversary proceeding against Ayanna Hatchett. The Proposed Bankruptcy Settlement was placed on hold pending the District Court case and has since been withdrawn. The Bristol Parke Property was recently sold and the net proceeds of $483,273.98, after sale costs, commissions, and property taxes, are currently on deposit with the District Court's registry (the "Deposited Proceeds"). On June 27, 2019, the parties attended a Settlement Conference held in connection with the District Court action. During that conference, the parties narrowed the issues significantly and agreed to continue to work toward a settlement. Settlement negotiations advanced, and the parties ultimately entered into a Settlement Agreement, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached to the Trustee's motion on file with the Bankruptcy Court. Under the Settlement Agreement, the bankruptcy estate will receive $175,000 of the Deposited Proceeds to resolve the estate's claims against Ayanna Hatchett, Franklin Hatchett, and the IRS. Based on the complexity of the claims, the number of Courts involved, the cost of further litigation, and the difficulties and uncertainty of collection, the Trustee believes the settlement should be approved.

2

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, then on or before 21 days from the date of service of this notice, you or your attorney must:

File with the Court a written objection or request for hearing at[1]:

> Intake Office
> U.S. Bankruptcy Court
> 211 West Fort Street
> Detroit, MI 48226

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the 21-day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

> Mark H. Shapiro, Esq.
> Steinberg Shapiro & Clark
> 25925 Telegraph Rd., Suite 203
> Southfield, MI 48033

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

---

[1] Objection or request for hearing must comply with Fed. R. Civ. P. 8(b), (c), and (e).

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Special Counsel for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
Date: August 12, 2019                    clark@steinbergshapiro.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Laurestine Hatchett,                          Case No. 17-45163-MBM
                                              Chapter 7
                Debtor.                       Hon. Marci B. McIvor
_____/

## CERTIFICATE OF SERVICE

I certify that on August 12, 2019, I served copies as follows:

| | |
|---|---|
| Documents Served: | Motion for Order Approving Settlement Agreement; Notice; Certificate of Service |
| Served Upon: | Alan Ackerman, Esq. Ackerman Ackerman & Dynkowski 100 W. Long Lake Rd., Suite 210 Bloomfield Hills, MI 48304-2774 |
| Document Served: | 21 Day Notice of Motion for Order Approving Settlement Agreement |
| Served Upon: | All non-ECF parties listed on attached Official Court Matrix |
| Method of Service: | First Class Mail |

/s/ Christine T. Leach, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
cleach@steinbergshapiro.com

Label Matrix for local noticing
0645-2
Case 17-45163-mbm
Eastern District of Michigan
Detroit
Fri Aug  9 15:15:49 EDT 2019

285 West Hickory Grove, LLC
c/o Alan Ackerman, Manager
100 W. Long Lake Road
Suite 210
Bloomfield Hills, MI 48304-2774

285 West Hickory Grove, LLC
c/o Ackerman Ackerman, Manager
100 W. Long Lake Rd., Ste 210
Bloomfield Hills, MI 48304-2774

Alan T. Ackerman
Ackerman and Ackerman, P.C.
100 W. Long Lake Road, Suite 210
Bloomfield Hills, MI 48304-2774

Ackerman & Ackerman Employees Retirement
Alan Ackerman, Trustee
c/o Alan Ackerman, Esq.
100 W. Long Lake Rd.
Ste. 210
Bloomfield Hills, MI 48304-2774

Ackerman & Ackerman Employees Retirement
c/o Alan Ackerman, Esq.
100 W. Long Lake Rd.
Suite 210
Bloomfield Hills, MI 48304-2774

Ackerman & Ackerman Employees' Retireme
Profit Sharing Trust
c/o Mark H. Shapiro, Esq.
25925 Telegraph Road, Suite 203
Southfield, MI 48033-2527

Leslie K. Berg (UST)
211 W. Fort Street
Suite 700
Detroit, MI 48226-3263

Andrea D. Cartwright
24750 Lahser Road
Southfield, MI 48033-6013

Tracy M. Clark
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033-2527

Elbert Hatchett
5459 Bristol Park
Clarkston, MI 48348-4801

Ernest L Jarrett
Ernest L Jarrett, P.C.
65 Cadillac Square., Ste 2100
Detroit, MI 48226-2859

Estate of Larry C. Donaldson
2310 Mattie Lu
Auburn Hills, MI 48326-2429

First Federal Credit C
24700 Chagrin Blvd Ste 2
Cleveland, OH 44122-5662

Moe Freedman
3030 W. Grand Blvd.
Ste. 10-200
Detroit, MI 48202-6030

Martin L. Fried
4000 Town Center
Suite 1200
Southfield, MI 48075-1413

Ayanna Danielle Hatchett
535 Griswold
Suite 2632
Detroit, MI 48226-3687

Laurestine Hatchett
5459 Bristol Park
Clarkston, MI 48348-4801

Internal Revenue Service
Attention: Central Insolvency Unit
Post Office Box 7346
Philadelphia, PA 19101-7346

Scott Kwiatkowski
4000 Town Center, Suite 1200
Southfield, MI 48075-1413

Mark H. Shapiro, Esq.
25925 Telegraph Rd., Suite 203
Southfield, MI 48033-2527

Homer W. McClarty
19785 West 12 Mile Road
#331
Southfield, MI 48076-2584

Michigan Department of Treasury
Bankruptcy Unit
P.O. Box 30168
Lansing, MI 48909
5 48909-7668

Mark H. Shapiro
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033-2527

Peter Sklarew
U.S. Department of Justice
PO Box 55
Washington, DC 20044-0055

State of Michigan
Dept. of Treasury
P.O. Box 30727
Lansing, MI 48909-8227

State of Michigan Department of Treasury
3030 W. Grand Blvd., Ste 10-200
Detroit, MI 48202-6030

Michael A. Stevenson
26100 American Drive
Suite 500
Southfield, MI 48034-6184

Stevenson & Bullock PLC
26100 American Dr., Ste. 500
Southfield, MI 48034-6184

Stevenson & Bullock, P.L.C.
Attn: Michael A. Stevenson
26100 American Drive, Suite 500
Southfield, MI 48034-6184

```
U.S. Attorney (IRS)                     Pingping Zhang
Attn: Civil Division                    P.O. Box 55
211 W. Fort, Suite 2300                 Benjamin Franklin Station
Detroit, MI 48226-3269                  Washington, DC 20044-0055
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Ayanna Hatchett              (u)Elbert Hatchett              (u)Daniel M. McDermott
535 Griswold
Detroit


(u)Michael Stevenson            (u)Simon, Stella & Zingas, P.C. (u)Steinberg Shapiro & Clark


(d)Stevenson & Bullock, PLC     (u)United States of America (IRS)   End of Label Matrix
26100 American Dr., Ste 500                                     Mailable recipients    31
Southfield, MI 48034-6184                                       Bypassed recipients     8
                                                                Total                  39
```

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Laurestine Hatchett,                              Case No. 17-45163-MBM
                                                  Chapter 7
                    Debtor.                       Hon. Marci B. McIvor
_____/

**EXHIBIT LIST**

| Exhibit | Description |
|---------|-------------|
| A | Settlement Agreement |

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made by and among (i) Plaintiff, United States, (ii) Defendant, Ayanna Hatchett, and (iii) Defendant, Homer W. McClarty (the "Trustee"), as Chapter 7 trustee for the bankruptcy estate of Laurestine Hatchett in *In re: Laurestine Hatchett*, Case No. 17-45163 (Bankr. E.D. Mich.), each represented by counsel, for the purpose of settling (i) *United States v. Ayanna Hatchett, et al.*, Case No. 18-cv-13118 (E.D. Mich.), a district court case; (ii) *McClarty v. Ayanna Hatchett, et al.*, Adv. Proc. 17-04669 (Bankr. E.D. Mich.), a bankruptcy adversary proceeding; and (iii) the Trustee's claims against the United States in *McClarty v. Elbert Hatchett*, et al., Adv. Proc. 17-04700 (Bankr. E.D. Mich.), a bankruptcy adversary proceeding. The background facts below may only be used for the purposes of (1) presenting this Agreement to the Bankruptcy Court for approval under Bankruptcy Rule 9019, and (2) construing this Agreement in the event of a future dispute among the parties. For those purposes only, any inaccuracies in the background are waived.

## *Background*

A. On September 22, 2017, the Trustee filed an adversary proceeding against Ayanna Hatchett and Franklin Hatchett in their individual capacities and in their capacities as co-conservators of their mother Laurestine Hatchett, the debtor for whom Homer W. McClarty is acting as Chapter 7 Trustee. *See McClarty v. Ayanna Hatchett, et al.*, Adv. Proc. No. 17-04669 (Bankr. E.D. Mich.).

B. Adversary Proceeding No. 17-04669 alleges (i) a violation of fiduciary duties by Ayanna Hatchett and Franklin Hatchett for turning over certain proceeds from a sale of a Florida condominium partly owned by Laurestine Hatchett to their father Elbert Hatchett and (ii) a fraudulent transfer to Ayanna Hatchett by Laurestine Hatchett of her alleged one-half interest in 5459 Bristol Parke, Clarkston, MI ("Bristol Parke Property"). Regarding the first alleged cause, Franklin Hatchett received Laurestine Hatchett's share of the condominium proceeds as her conservator and turned them over to Elbert Hatchett who was her guardian. Elbert Hatchet is alleged to have further transferred the majority portion of the proceeds to the IRS for payment of his and his firm's taxes.

C. On October 6, 2017, the Trustee filed a second adversary proceeding against Elbert Hatchett and the Internal Revenue Service. *See McClarty v. Elbert Hatchett*, et al., Adv. Proc. No. 17-04700 (Bankr. E.D. Mich.)

D. Adversary Proceeding No. 17-04700 alleges, among other things, fraudulent transfer and other state law claims against the IRS for the majority portion of Laurestine Hatchett's share of the Florida condominium proceeds that the IRS received from Elbert Hatchett, who in turn received the proceeds from Franklin Hatchett acting as Laurestine Hatchett's co-conservator.

E. On August 10, 2018, the Trustee, through his counsel, filed a motion with the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"), seeking to approve a settlement he reached with Ayanna Hatchett and Franklin Hatchett (the

"Proposed Bankruptcy Settlement"). Pursuant to the Proposed Bankruptcy Settlement, the Trustee was to receive $275,000 from Ayanna Hatchett and Franklin Hatchett in exchange for dismissing Adversary Proceeding No. 17-04669, with prejudice.

F. The United States was previously unaware of the Proposed Bankruptcy Settlement and after learning of that proposed settlement through the Trustee's motion to the Bankruptcy Court, on August 31, 2018, filed a response to state its position that it had a superior tax lien interest on the Bristol Parke Property and that the Bankruptcy Proposed Settlement should be subject to the United States' superior tax lien interest.

G. On October 10, 2018, the United States filed a suit in the U.S. District Court for the Eastern District of Michigan (the "District Court") against Ayanna Hatchett, Elbert Hatchett, and the Trustee. The complaint alleges that Elbert Hatchett diverted a referral fee in the amount of $1,322,543 (the "Referral Fee") paid out of a personal injury case in 2009 that should have been paid to him or his wholly owned law firm but was paid to his daughter Ayanna Hatchett and that was subject to federal tax liens against Elbert Hatchett. The complaint further alleges that federal tax liens encumbered the Bristol Parke Property because it was purchased by Ayanna Hatchett with a portion of the Referral Fee encumbered by the federal tax liens. The lawsuit seeks to recover the value of the Bristol Parke property, an accounting of the remaining Referral Fee, and to hold Ayanna Hatchett personally liable for the remaining Referral Fee spent by her. The United States named the Trustee in the District Court case because the Trustee claimed an interest in the Bristol Parke Property through his adversary proceeding against Ayanna Hatchett.

H. The Trustee's motion to approve the Proposed Bankruptcy Settlement is currently pending in the Bankruptcy Court. Also pending is an appeal of the Bankruptcy Court's decision to deny the United States' motion to dismiss the Trustee's claims against the IRS in Adv. Proc. No. 17-04700 to the District Court.

I. The Bristol Parke Property was recently sold and the net proceeds of $483,273.98, after sale costs, commissions, and property taxes, are currently on deposit with the District Court's registry (the "Deposited Proceeds").

*Agreement*

The parties to this Agreement - the United States, Ayanna Hatchett, and the Trustee – now agree as follows to settle the above described lawsuits:

1. *Condition Precedent.* The effectiveness of this Agreement is expressly conditioned upon the entry of an order approving the Trustee's participation in this Agreement (an "Approval Order") by the Bankruptcy Court, and such Approval Order becoming a final order. This Agreement shall become effective on the date the Approval Order becomes final ("Effective Date"). The order shall be considered final when any appeals from an Approval Order are exhausted or the time for an appeal expires without one.

2. *Payment to Trustee.* The Trustee will receive $175,000 from the Deposited Proceeds.

3. *Payment to United States.* The United States will receive (i) the remaining amount of the Deposited Proceeds (*i.e.*, $308,273.98), plus any accrued interest on the funds, and (ii) $45,000 paid overtime by Ayanna Hatchett in installments ("Installment Obligations") as follows:

   a. $10,000 within 30 days from the Effective Date; and

   b. $10,000 in 2020, $10,000 in 2021, and $15,000 in 2022, each payable on the anniversary date following the due date for the first payment of $10,000 to the United States.

Ayanna Hatchett may prepay all or part of the Installment Obligations at any time without premium or prepayment penalty.

4. *Past and Current Tax Obligations.* Within 90 days from the Effective Date, Ayanna Hatchett will file all past due federal income tax returns. For purposes of fulfilling the terms of this condition, the claimed past-due tax filings are for 2010, 2011, 2012, 2013, 2016, 2017 and 2018. For all tax periods that *begin* while any Installment Obligations remain due under this Agreement, Ayanna Hatchett will timely file all federal income tax returns and timely pay all taxes due before the statutory due date (for example, Ayanna Hatchett shall timely file her federal income tax return and timely pay taxes due for 2022 if Ayanna Hatchett pays the final Installment Obligation in 2022). A return filed in accordance with a timely requested extension is a timely-filed return but payment of the estimated tax owed must be made at the time of the extension request as required by law. Ayanna Hatchett should send to the attorney of record for the United States (or another attorney as later designated by the United States) copies of all returns she is required to file pursuant to this Agreement within 14 days from the filing of such returns. All original or electronic returns shall be filed with the United States Treasury.

5. *Judgment Against Ayanna Hatchett Upon Default.* Ayanna Hatchett agrees to sign and deliver the attached personal judgment in the amount of $100,000 against her and in favor of the United States at the time she executes this Agreement, and that upon her default as defined in ¶ 6 below, the United States shall be entitled to the immediate entry of the attached judgment by filing a motion in the District Court action, *United States v. Ayanna Hatchett*, et al., Case No. 18-cv-13118 (E.D. Mich.), supported by a declaration pursuant to 28 U.S.C. § 1746 specifying the default. Such motion may be filed *ex parte* and shall be subject to a subsequent motion by Ayanna Hatchett to vacate the judgment only upon proof that there was no default. The District Court action, if closed, may be reopened at any time for the purpose of entering such a judgment in the case of default. Upon full performance of the Agreement without any default, the attached personal judgment will be deemed void.

6. *Breach; Default; Cure.* If the United States has not received the agreed-upon payment from Ayanna Hatchett described in ¶ 3.a. within 30 days from the Effective Date, the United States may declare Ayanna Hatchett in default and proceed with the remedies set forth in ¶ 5 above. No notice or opportunity to cure is applicable to such a breach.

If the United States has not received an agreed-upon payment described in ¶ 3.b. from Ayanna Hatchett by the payment due date, which constitutes a breach, Ayanna Hatchett may cure the breach within 30 days from receiving notice of the breach, provided that statutory interest is added, as set forth in the Internal Revenue Code, to the payment from the due day until the payment date at the federal tax underpayment rate (and Ayanna may request an interest computation from counsel of record for the government). If such breach is not cured within such 30 days, the United States may declare Ayanna Hatchett in default and proceed with the remedies set forth in ¶ 5 above.

If Ayanna Hatchett fails to comply with the past or future tax obligations as described in ¶ 4 above, which constitutes a breach, Ayanna Hatchett may cure the breach within 30 days from receiving notice of the breach. If such breach is not cured within such 30 days, the United States may declare Ayanna Hatchett in default and proceed with the remedies set forth in ¶ 5 above. To cure a breach of ¶ 4's requirement to file future tax returns and pay all taxes timely, Ayanna Hatchett must not only file any delinquent return or pay any tax owed but must also fully pay all late-filing and late-payment penalties and interest after assessment by the United States Treasury at statutory rates.

The United States may provide written notice to Ayanna Hatchett by electronic mail to Ahatchett@venjohnsonlaw.com (or another email address that Ayanna Hatchett later notifies the United States of in writing) of a late payment or a breach of past or current tax obligation, with a copy to Liz C. Thomson, Esq. at lthomson@hertzschram.com.

7. *Manner of Payments.* The payments to the United States described in ¶ 3 from Ayanna Hatchett shall be paid to the United States by certified or bank check, made payable to the United States Department of Justice, which shall be sent to the following address, depending on the method of delivery:

If by mail:      Department of Justice ATTN: TAXFLU
                     P.O. Box 310 - Ben Franklin Station
                     Washington, D.C. 20044

If by overnight delivery service:
                     Department of Justice ATTN TAXFLU
                     Room 6647 - Judiciary Center Building
                     555 Fourth Street, N.W.
                     Washington, D.C. 20001

If payments are sent by regular mail, they must be mailed at least one week before the due date as described in ¶ 3. If payments are sent by overnight delivery, they must be submitted for delivery at least one day before the due date.

8. *Affidavit and Tracing of Remaining Referral Fee.* Within seven days from the Effective Date, Ayanna Hatchett will execute and deliver an affidavit to the United States stating under penalty of perjury that she had, as of the date of service of the District Court Complaint on

her, exhausted the entire amount of the Referral Fee and that she did not and does not have in her possession or control any valuable assets (worth in excess of $10,000 combined), personal or real, tangible or intangible, acquired directly or indirectly by using any portion of the Referral Fee, and that she did not give any part of the Referral Fee to Elbert Hatchett (this does not apply to direct payments to third parties for his living expenses), excluding *de minimis* amounts (understood to mean less than $500 at a time), other than amounts to be listed in the affidavit to the best recollection of Ayanna Hatchett, which may include payments for office administration and rent, provided the periodic amounts are indicated by year.

Within 18 months from the filing of the last past due federal income tax return by Ayanna Hatchett, the United States has the right (i) to trace any proceeds or assets traceable to the Referral Fee by examining any documents, which are in the possession or control of Ayanna Hatchett and will be provided by her upon the request of the United States, and by subpoenaing third parties for any relevant documents, and (ii) to bring additional claims to recover any assets it discovers that are traceable to the Referral Fee.

9. *Dispositions of District Court Case and Bankruptcy Adversary Proceedings.* Within 14 days from the date the Agreement is fully executed by all parties and/or their duly authorized representatives, the Trustee, through his counsel, will withdraw his motion to the Bankruptcy Court to approve the Proposed Bankruptcy Settlement and file a new motion to the Bankruptcy Court to approve this Agreement.

Upon the approval of this Agreement by the Bankruptcy Court and the exhaustion of any appeals or the expiration of the time to appeal without an appeal, the parties will within seven days from the Effective Date stipulate to entry of an order by the District Court (i) to distribute the Deposited Proceeds in the manner described in ¶¶ 2 and 3; and (ii) to dismiss the district court case, *United States v. Ayanna Hatchett, et al.*, Case No. 18-cv-13118 (E.D. Mich.), with prejudice, except without prejudice to the United States' right to have the matter be reinstated to enter a personal judgment against Ayanna Hatchett in the case of default as described in ¶¶ 5 and 6 above and right to engage in additional discovery and to bring additional claims as described in ¶ 8. Ayanna Hatchett agrees that she will cooperate and assist to secure the signature of Elbert Hatchett or of his counsel to the stipulation if the District Court determines such a signature is required or, alternatively, support the relief described without Elbert Hatchett's agreement.

Upon the approval of the Agreement by the Bankruptcy Court and the payment to the Trustee, the Trustee and Ayanna Hatchett (on behalf of herself and her brother Franklin Hatchett) will within seven days from the date of the payment stipulate to entry of an order by the Bankruptcy Court to dismiss Adversary Proceeding No. 17-04699 with prejudice. Similarly, the Trustee and the United States will within seven days from the date of the payment stipulate to entry of an order by the Bankruptcy Court to dismiss the Trustee's Counts I, II, III, and IV claims against the United States in Adversary Proceeding No. 17-04700 with prejudice. In the meantime, the Trustee or the United States may inform the District Court in the appeal that it appears that the matter will soon be resolved.

10. *Retention of Jurisdiction.* The parties agree that the District Court should retain jurisdiction to adjudicate any dispute arising in respect to the interpretation and performance of this Agreement, for which purpose the action may be reopened if it has been closed.

11. *Fees and Costs.* Each party shall bear his/her/its own costs and expenses, including any and all legal fees, incurred in connection with the district court action and the two bankruptcy adversary proceedings. This shall not be construed to preclude the Trustee's attorney from seeking compensation from the bankruptcy estate pursuant to 11 U.S.C. § 330.

12. *Offer and Acceptance.* The execution of this Agreement by Ayanna Hatchett and the Trustee shall constitute offers of settlement and shall remain in in force and may not be revoked for at least 30 days. The signature of counsel for the United States below shall certify that the offers have been accepted by a duly authorized delegate of the Attorney General (which may also be reflected in a separate acceptance letter transmitting the executed Agreement).

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| UNITED STATES OF AMERICA | HOMER W. MCCLARTY<br>Chapter 7 Trustee<br><br>Dated: 8\1\19. |
| PINGPING ZHANG, Trial Attorney<br>Tax Division, U.S. Dept. of Justice<br><br>Dated: 8/8/2019 | AYANNA D. HATCHETT<br><br>Dated: |

10. *Retention of Jurisdiction.* The parties agree that the District Court should retain jurisdiction to adjudicate any dispute arising in respect to the interpretation and performance of this Agreement, for which purpose the action may be reopened if it has been closed.

11. *Fees and Costs.* Each party shall bear his/her/its own costs and expenses, including any and all legal fees, incurred in connection with the district court action and the two bankruptcy adversary proceedings. This shall not be construed to preclude the Trustee's attorney from seeking compensation from the bankruptcy estate pursuant to 11 U.S.C. § 330.

12. *Offer and Acceptance.* The execution of this Agreement by Ayanna Hatchett and the Trustee shall constitute offers of settlement and shall remain in in force and may not be revoked for at least 30 days. The signature of counsel for the United States below shall certify that the offers have been accepted by a duly authorized delegate of the Attorney General (which may also be reflected in a separate acceptance letter transmitting the executed Agreement).

| PLAINTIFF | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | |
| | HOMER W. MCCLARTY<br>Chapter 7 Trustee |
| _____<br>PINGPING ZHANG, Trial Attorney<br>Tax Division, U.S. Dept. of Justice | Dated:_____ |
| Dated: _____ | |
| | AYANNA D. HATCHETT |
| | Dated: August 8, 2019 |